**1204**

Judith TROUT, Plaintiff,

v.

B.J. ZAKHOUR, M.D., Defendant.

No. S 91–0089 C (5).

United States District Court,
E.D. Missouri,
Southeastern Division.

Oct. 16, 1991.

Michael C. Goldberg, Levin, Weinhaus & Dobson, St. Louis, Mo., for plaintiff.

Robert A. Wulff, Amelung, Wulff & Willenbrock, St. Louis, Mo., for defendant.

## ORDER

LIMBAUGH, District Judge.

Plaintiffs[1] have brought a two-count medical malpractice action against defendant for his alleged negligent treatment of Judith Trout's right foot on or about August 24, 1988. Judith Trout is seeking recovery for nerve and ligament damage suffered as a result of defendant's alleged misdiagnosis of her injury and improper placement and retention of her right foot in a cast. Jim Trout is seeking damages for the loss of service and consortium of his wife, Judith Trout. This cause is before the Court on defendant's motion to dismiss plaintiffs' complaint because it is barred by the Missouri two-year statute of limitations for medical malpractice lawsuits, § 516.105 R.S.Mo.

Defendant argues that the complaint is barred pursuant to § 516.105 R.S.Mo. because the alleged negligent act occurred on August 24, 1988 and this suit was not filed until July 18, 1991, almost three years later. Plaintiffs counter that their cause of action was, in fact, tolled because they took a voluntary non-suit in the Circuit Court of St. Louis County and that the one-year savings statute, § 516.230 is applicable. The non-suit was taken on June 10, 1991.

---

**1.** Although the complaint cites Judith Trout as the only plaintiff, her husband Jim Trout is named as the plaintiff in Count II of the Complaint.

Therefore, the present lawsuit is timely under § 516.230. In rebuttal, defendant argues that the Missouri one-year savings statute is not applicable because the plaintiffs' original suit in state court did not establish proper jurisdiction due to fraudulent joinder. Furthermore, defendant believes Mr. Trout's claim was barred initially in state court because he did not state a claim until a second-amended complaint was filed on November 6, 1990, over two years after the alleged negligent act of August 24, 1988. Finally, defendant asserts that plaintiffs complaint must be dismissed because it fails to plead sufficient facts to support plaintiffs' reliance on § 516.230 R.S.Mo. for jurisdiction. Plaintiffs argue that failing to plead § 516.230 is a minor technicality easily remedied by filing an amended complaint. They also assert that the issue of fraudulent joinder was decided in their favor in the state court and that venue and jurisdiction was not in dispute.

Since the parties seek for the Court to consider evidence outside the pleadings, defendant's motion will be construed as one for summary judgment, pursuant to Rules 12(b) and 56 Fed.R.Civ.P.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null,* 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Co-op. Inc.,* 838 F.2d 268, 273 (8th Cir.1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. *Mt. Pleasant,* 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.,* 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.

Plaintiff Judith Trout originally sued defendant Zakhour as well as Dexter Memorial Hospital, National Emergency Services and Riyadh Tellow in the Circuit Court of St. Louis County on August 24, 1990. The original suit claimed damages by Mrs. Trout alone for injuries inflicted upon her right foot on or about August 24, 1988. A second amended complaint adding several counts on behalf of plaintiff Jim Trout (spouse) was filed on November 6, 1990. On September 12, 1990, National Emergency Services (NES) filed a motion to dismiss claiming that no one involved with Mrs. Trout's medical care was employed by NES. The Court summarily granted NES' motion to dismiss, without prejudice, on January 17, 1991. Meanwhile on November 21, 1990, Dr. Tellow filed a motion to dismiss alleging fraudulent joinder (in order to secure jurisdiction and/or venue). The Court denied Tellow's motion on Janu-

ary 18, 1991. On June 10, 1991 a voluntary non-suit was taken by the plaintiffs. The present lawsuit was filed on June 18, 1991, less than one year of the non-suit in state court.

■ In a diversity action, the federal court is required to apply the limitations rule which would be applied by a state court. In the present cause, this Court must apply the statute of limitations which would be applied by a Missouri court. *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Renfroe v. Eli Lilly & Co.,* 686 F.2d 642 (8th Cir.1982), aff'd 541 F.Supp. 805 (E.D.Mo. 1982).

The applicable Missouri statutes of limitations are § 516.105—medical malpractice—and § 516.230—one-year savings statute. The statutes read as follows:

516.105   Actions against health care providers (medical malpractice)

All actions against physicians, hospitals, dentists, registered or licensed practical nurses, optometrists, podiatrists, pharmacists, chiropractors, professional physical therapists and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of, except that a minor under the full age of ten years shall have until his twelfth birthday to bring action, and except that in cases in which the act of neglect complained of its introducing and negligently permitting any foreign object to remain within the body of a living person, the action shall be brought within two years from the date of the discovery of such alleged negligence, or from the date on which the patient in the exercise of ordinary care should have discovered such alleged negligence, whichever date first occurs, but in no event shall any action for damages for malpractice, error or mistake be commenced after the expiration of ten years from the date of the act of neglect complained of.

§ 516.230   Further savings in cases of nonsuits, etc.

If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed; and if the cause of action survive or descend to his heirs, or survive to his executors or administrators, they may, in like manner, commence a new action within the time herein allowed to such plaintiff, or, if no executor or administrator be qualified, then within one year after letters testamentary or of administration shall have been granted to him.

■ Mrs. Trout's complaint was timely filed in state court pursuant to § 516.105 R.S.Mo. The issue of fraudulent joinder, i.e., questionable jurisdiction/venue was laid to rest by the state court. This court will not retry the issue and second-guess the state court's decision. Since Mrs. Trout filed her federal complaint well within one year of her non-suit, she has adhered to the provisions of § 516.230 and is properly before this Court. Furthermore, her complaint provides sufficient notice to defendant of her claims as required by Rule 8, Fed.R.Civ.P.

■ On the other hand, plaintiff Jim Trout's claims are untimely. Mr. Trout did not file any claims against defendant Zakhour until the second-amended complaint was filed in state court on November 6, 1990. His cause of action also rests upon the alleged negligence occurring on or about August 24, 1988. Consequently, Mr. Trout's suit was filed beyond the two-year limitation set forth in § 516.105, R.S.Mo. Since his claims were originally time-barred in the Circuit court of St. Louis County, they are also barred in this Court. Furthermore, since Mr. Trout's claims were

time-barred pursuant to § 516.105, R.S.Mo., they cannot be saved pursuant to § 516.230, R.S.Mo. Plaintiff offers no evidence which would influence the Court otherwise.

The Court will not grant summary judgment as to Count I of plaintiffs' complaint, but will grant summary judgment as to Count II of plaintiffs' complaint. This matter will proceed on Count I with Judith Trout as the only named plaintiff.